# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COWAN GODFREY,<br><br>Defendant. | Case No. CR15-1027<br><br>ORDER FOR PRETRIAL DETENTION |

On the 1st day of February, 2016, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Lisa C. Williams. The Defendant appeared personally and was represented by his attorney, Raphael M. Scheetz.

## I. RELEVANT FACTS AND PROCEEDINGS

On December 15, 2015, Defendant Cowan Godfrey was charged by Indictment (docket number 2) with possession of ammunition by a felon. At the arraignment on January 28, 2016, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on March 28, 2016.

Nick Schlosser, a criminal investigator with the Dubuque Police Department, testified regarding the circumstances underlying the instant charge. On April 1, 2015, there was a verbal altercation between two competing groups at Jackson Park in Dubuque, resulting in shots allegedly fired by Derrick Moore. Video recordings of the incident show a person (believed to be Defendant Cowan Godfrey) running to a vehicle parked across the street, allegedly retrieving a handgun, and then returning to the park and firing off several rounds. Law enforcement's investigation, including a video taken earlier in the day at a

gas station, strongly suggests Defendant was the person returning to the park and opening fire.

Defendant, age 30, was born and raised in Chicago. Most of his family continues to reside in Chicago. Defendant moved to Dubuque in about 2010, but returned to Chicago from September to late December 2015. Defendant does not have a stable residence and has only worked for a little more than a year during the last 15 years, despite being in good health. Defendant admitted using marijuana on "special occasions" and last used it one month ago.

In 2010, Defendant was sentenced to three years in prison for unlawful possession of a firearm by a gang member. He was paroled in 2011 and discharged from parole in 2013. Defendant has charges pending against him in state court arising from the same April 1, 2015 incident which gives rise to the instant federal charge. A warrant remains active for Defendant's arrest in state court.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of

conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

3

alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of ammunition by a felon. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(E).

Defendant does not have a stable residence and does not have stable employment. He is an active user of marijuana. There is a warrant outstanding for his arrest on three felony charges pending in the Iowa District Court, arising from this same incident. Accordingly, even if he were released on this federal charge, he would go into state custody. Of particular concern to the Court are the nature and circumstances of this offense. The evidence presented at the detention hearing strongly suggests that Defendant briefly left the scene of an altercation and then returned to a public playground — crowded with women and children — and opened fire. In my view, this is the very definition of a "danger to the community."

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained

prior to trial. Defendant was advised in open court of right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (January 28, 2016) to the filing of this Ruling (February 1, 2016) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 1st day of February, 2016.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA